IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Donald Roberts, | ) | C.A. No. 8:09-2471-PMD |
| Petitioner, | ) | |
| vs. | ) | **ORDER** |
| Warden of Lee Correctional Institution, | ) | |
| Respondent. | ) | |

This matter is before the court upon the magistrate judge's recommendation that respondent's motion for summary judgment be granted. The petitioner filed this habeas corpus petition pursuant to 28 U.S.C. § 2254 on September 18, 2009. Because petitioner is proceeding pro se, this matter was referred to the magistrate judge.[1]

This Court is charged with conducting a de novo review of any portion of the magistrate judge's report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). However, absent prompt objection by a dissatisfied party, it appears that Congress did not intend for the district court to review the factual and legal conclusions of the magistrate judge. Thomas v Arn, 474 U.S. 140 (1985). Additionally, any party who fails to file timely, written objections to the magistrate judge's report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those objections at the appellate

---

[1] Pursuant to the provisions of Title 28 United States Code, § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the magistrate judge is authorized to review pretrial matters and submit findings and recommendations to this Court.

court level. United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).[2] The magistrate filed her report and recommendation on April 6, 2010. Petitioner filed his timely objections to the magistrate judge's report on April 13, 2010.[3]

A review of the petitioner's objections and the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law. Accordingly, the magistrate judge's report is incorporated into this order.

Petitioner's objections fail to directly address the magistrate judge's report. Petitioner merely states: "Honorable Bruce H. Hendricks U.S. Magistrate Judge has either ignored, overlooked or forgotten the content of law on 1st degree CSC. He chose not to acknowledge the law concerning the respondent, response to the summary judgment...". Any written objection must specifically identify the portions of the report and recommendation to which objections are made and the basis for such objections. 28 U.S.C. § 636 (b)(1). Generally stated, nonspecific objections have the same effect as would a failure to object. Howard v. Secretary of Health and Human Services, 932 F.2d 505, 509 (6th Cir. 1991).

Accordingly, this court agrees with the magistrate judge and finds that respondent's motion for summary judgment is **granted,** and this case is dismissed.

Further, on December 1, 2009, the Rules Governing Section 2254 Cases in the United States

---

[2] In Wright v. Collins, 766 F.2d 841 (4th Cir. 1985), the court held "that a pro se litigant must receive fair notification of the consequences of failure to object to a magistrate judge's report before such a procedural default will result in waiver of the right to appeal. The notice must be 'sufficiently understandable to one in appellant's circumstances fairly to appraise him of what is required.'" Id. at 846. Plaintiff was advised in a clear manner that his objections had to be filed within ten (10) days, and he received notice of the consequences at the appellate level of his failure to object to the magistrate judge's report.

[3] The document filed by petitioner is entitled "Reconsideration Motion," however, the court has construed this document as petitioner's objections to the report and recommendation.

District Courts were amended to require a District Court to issue or deny a certificate of appealability when a final ruling on a habeas petition is issued. The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debateable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee,* 252 F.3d 676, 683 (4th. Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED.**

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

May 4, 2010
Charleston, South Carolina

3